E-FILED
Monday, 02 July, 2007  10:10:30 AM
Clerk, U.S. District Court, ILCD

Gerald M. Aswege
Reg. No. 13340-026
Federal Prison Camp
P. O. Box 1000
Leavenworth, KS 66048-1000

**In Pro Se**

**FILED**

JUL  ✕ 2007
2⊤ρ

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

UNITED STATES OF AMERICA,

          Plaintiff/Respondent,

             v.

GERALD M. ASWEGE,

          Defendant/Petitioner.

_____/

Case No. 4:04-CR-40073-MMM

PETITION FOR WRIT OF
CORAM NOBIS PURSUANT TO
28 U.S.C. § 1651(a)

COMES NOW Defendant/Petitioner, **Gerald M. Aswege**, in pro se, currently incarcerated serving the 70-month sentence imposed by this Court on September 22, 2005, and hereby respectfully files, pursuant to the All Writs Act of 1911, his Petition for Writ of Coram Nobis, under Title 28 U.S.C. § 1651(a).

Petitioner respectfully requests that this Court vacate the final judgment entered on March 23, 2006, with regards to Count Three of the Indictment filed on August 19, 2004, the Criminal Forfeiture Count. In support of this request Petitioner avers that the process resulting in that judgment was so infected by violations of his constitutional right to Effective Assistance of Counsel under the Sixth Amendment of the U. S. Constitution, that

vacation of the judgment is warranted.

Petitioner's constitutional claim is supported by the attached Memorandum of Points and Authorities, exhibits, declarations, and the entire record before this Court.

WHEREFORE, Petitioner prays that this Court will grant his Petition for Writ of Coram Nobis, will vacate the final judgment of forfeiture entered on March 23, 2006, and will return the parties to the status they were at the time of the constitutional violation.

Respectfully submitted,

Date: June 24, 2007

Gerald M. Aswege
In Pro Se

-2-

Gerald M. Aswege
Reg. No. 13340-026
Federal Prison Camp
P. O. Box 1000
Leavenworth, KS 66048-1000

**In Pro Se**

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

        v.

GERALD M. ASWEGE,

        Defendant/Petitioner.
_____/

Case No. 4:04-CR-40073-MMM

CERTIFICATE OF SERVICE
BY MAIL

    I, the undersigned, hereby certify that I have mailed true
and correct copies of PETITION FOR WRIT OF CORAM NOBIS PURSUANT TO
28 U.S.C. § 1651; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PETITION FOR WRIT OF CORAM NOBIS PURSUANT TO 18 U.S.C. 1651(a);
EXHIBITS; DECLARATION OF GERALD M. ASWEGE; and DECLARATION OF
CLAUDIA VESCOLANI, in a sealed envelope, first class postage
attached thereto, and addressed to Mr. John K. Mehochko, A.U.S.A.,
U. S. Attorney's Office, 1830 2nd Avenue, Rock Island, IL
61201-8003.

    Executed and mailed at the Federal Prison Camp at Leavenworth,
Leavenworth County, State of Kansas, this _28th_ of June, 2007.

                                Gerald M. Aswege

**E-FILED**
Monday, 02 July, 2007  10:11:03 AM
Clerk, U.S. District Court, ILCD

Case No. 4:04-CR-40073-MMM

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF ILLINOIS

ROCK ISLAND DIVISION

UNITED STATES OF AMERICA,

> Plaintiff/Respondent,

v.

GERALD M. ASWEGE,

> Defendant/Petitioner.

EXHIBITS IN SUPPORT OF
PETITION FOR WRIT
OF CORAM NOBIS
PURSUANT TO 28 U.S.C. § 1651(a)

Gerald M. Aswege
Reg. No. 13340-026
Federal Prison Camp
P. O. Box 1000
Leavenworth, KS 66048-1000

**In Pro Se**

## TABLE OF CONTENTS

EXHIBIT A: Letter/fax dated May 25, 2005, from USA to Attorney
Breckenfelder containing USA's first settlement offer

EXHIBIT B: Attorney Breckenfelder's Billing Statement

EXHIBIT C: Handwritten letter from Aswege to Attorney
Breckenfelder, reviewed by the latter on July 15, 2005

EXHIBIT D: Letter dated August 25, 2005, from Attorney
Breckenfelder to USA containing first settlement
counteroffer

EXHIBIT E: Letter/fax dated September 2, 2005, from USA to
Attorney Breckenfelder containing USA's second
settlement offer

EXHIBIT F: Letter/fax dated September 14, 2005, from USA to
Attorney Breckenfelder extending offer deadline

EXHIBIT G: Fax dated September 15, 2005, from Attorney
Breckenfelder to USA  informing USA of communications
breakdown

EXHIBIT H: Hand delivered letter dated September 20, 2005, from
Attorney Breckenfelder to Aswege in relation to
communications breakdown

EXHIBIT I: Fax dated September 28, 2005, from Attorney
Breckenfelder to USA containing second settlement
counteroffer

EXHIBIT J: Letter/fax dated September 28, 2005, from USA to
Attorney Breckenfelder rejecting second settlement
counteroffer

EXHIBIT K: Letter dated September 29, 2005, from Attorney
Breckenfelder to Aswege regarding USA's rejection of
latest settlement counteroffer

EXHIBIT L: Transcription prepared by Attorney Breckenfelder of
message left by Aswege in the former's answering
machine on Saturday, October 1, 2005

EXHIBIT M: Fax dated October 6, 2005, from Attorney Breckenfelder
to USA containing third settlement counteroffer

i

TABLE OF CONTENTS (Continued)

EXHIBIT N: Letter dated October 6, 2005, from Attorney
           Breckenfelder to Aswege regarding dispute in
           representation

EXHIBIT O: Letter/fax dated October 11, 2005, from USA to
           Attorney Breckenfelder rejecting the latest
           counteroffer

EXHIBIT P: Handwritten letter and transcription, from Aswege to
           Attorney Breckenfelder, postmarked October 18, 2005,
           regarding dispute in representation



**U.S. Departme    of Justice**

*United States Attorney*
*Central District of Illinois*

*Jan Paul Miller*
*United States Attorney*

*Quad Cities Division Office*
*Star Cres Building*
*1830 Second Avenue, Third Floor*
*Rock Island, Illinois 61201-8003*
*TEL: (309) 793-5884*
*FAX: (309) 793-5895*

May 25, 2005

BY FAX AND U.S. MAIL (with enclosures)

Ted Ernst Breckenfelder
Attorney at Law
220 North Main St., Suite 501
Davenport, IA 52801

Re: United States v Gerald M. Aswege
Case No. 04-40073

Dear Mr. Breckenfelder:

Now that the guilt phase of this case has been resolved, we can address the forfeiture allegations in the indictment. As I previously explained to you, the forfeiture allegations are premised on the theories that your client facilitated his drug trafficking with the 2004 Silverado and with the two rural properties where cocaine was recovered, 92nd Avenue West and 12610 42nd St. West, and that your client made approximately $50,400 in drug trafficking proceeds. Your client has already admitted to the factual basis underlying these forfeiture allegations in his plea agreement and during his plea colloquy. *See* Aswege Plea Agreement, ¶ 21(f) - (h).

The enclosed property appraisal indicates that the approximate market value of the property at 92nd Avenue West is $201,000; other records indicate that you client holds a one-fourth interest in the property, which would be valued at approximately $50,250. Additional property records indicate that in September 2003, your client and his wife paid $54,000 for the property at 12610 42nd St. West; your client's one-half interest in that property would be valued at approximately $27,000. The approximate retail value of the 2002 Chevrolet Tahoe seized in this case is $25,000, and the United States is willing to accept the Tahoe in lieu of a portion of the defendant's forfeiture obligations.

I calculate the total value of your client's forfeitable interests in the real estate plus the amount of forfeitable drug proceeds to be approximately $127,650. In addition, as discussed above, you client used his 2004 Silverado pickup to transport and store cocaine, facilitating his drug crimes.

In light of the above, the United States will agree to resolve the forfeiture allegations in exchange for: 1) the 2004 Silverado pickup; 2) the 2002 Chevrolet Tahoe; and 3) $75,000. The

**EXHIBIT A**

Ted Ernst Breckenfelder
Page 2 of 2

remaining property seized for federal forfeiture would be returned to you client or a designated representative.

Please inform me whether your client intends to accept this proposed resolution of the forfeiture allegations. Thank you for your assistance.

Very truly yours,

JAN PAUL MILLER
UNITED STATES ATTORNEY

By:

JOHN K. MEHOCHKO
ASSISTANT U.S. ATTORNEY

Encl.
cc: S/A J. Johnson, DEA

**EXHIBIT A**

# TED BRECKENFELDER LAW FIRM

Suite 501 Wells Fargo Building
220 North Main Street
Davenport IA 52801-1906

Invoice submitted to:
Gerald Aswege #13340-026
FCI Waseca
PO Box 1731
Waseca MN 56903

December 8, 2005
In Reference To:USA v. Gerald M Aswege
              USDC CDIL 4:04 - CR 40073 MMM-JAG
Invoice #11577

        Professional services

|            |                                                                                                                                                                      | Hours | Amount    |
|------------|----------------------------------------------------------------------------------------------------------------------------------------------------------------------|-------|-----------|
| 01/21/05   | review January 19, 2005 letter from Attorney Schick to Gerry Aswege: confirming telephone agreement to interview prospective client                                   | 0.10  | NO CHARGE |
| 01/22/05   | review and print online case records via Pacer                                                                                                                       | 0.50  | NO CHARGE |
| 01/23/05   | wait; initial interview with Gerald Aswege at Rock Island County Jail: federal drug conspiracy 1) criminal 2) forfeiture; speedy trial, tax liability?, proffer process; Aswege is waiting on two possible Peoria attorneys | 1.00  | NO CHARGE |
| 01/31/05   | meeting with Gerald Aswege at Mercer County Jail                                                                                                                      | 1.30  | 260.00    |
|            | round trip travel: Aledo                                                                                                                                              | 1.60  | 320.00    |

EXHIBIT B

Gerald Aswege #13340-026                                    Page    2

|            |                                                                                                       | Hours | Amount    |
|------------|-------------------------------------------------------------------------------------------------------|-------|-----------|
| 02/03/05   | representation inquiry status letter to Gerald Aswege                                                   | 0.20  | NO CHARGE |
| 02/06/05   | prepare special attorney fee contract with assignment: federal felony with forfeiture; letter to prospective client | 0.30  | 60.00     |
| 02/11/05   | court appearance Judge Mihm (Rock Island): case status; prepare and file: Appearance                   | 0.50  | 100.00    |
|            | meeting with Attorney Schick (his office): pick up Aswege file                                          | 0.50  | 100.00    |
|            | meeting with client after court appearace at US Marshall's Courthouse Rock Island                      | 2.00  | 400.00    |
| 02/14/05   | review Schick's Aswege case file (one bankers box)                                                      | 2.00  | 400.00    |
| 02/15/05   | receive and review: jail journal 1/2 from client (December 12 – February 1, 2005)                      | 0.10  | 20.00     |
| 02/17/05   | telephone call with AUSA Mehochko (mobile): drug amount, safety valve – cooperation, Tovar statements – a bigger player – did kilo at a time, "time is short" | 0.50  | 100.00    |
| 02/18/05   | receive and review facsimile (3 pages): Bill of Particulars                                             | 0.10  | 20.00     |
| 03/03/05   | telephone call to AUSA Mehochko                                                                         | 0.10  | 20.00     |
| 03/05/05   | receive facsimile from AUSA Mehochko: discovery agreement; returned via facsimile                      | 0.10  | 20.00     |

**EXHIBIT B**

Gerald Aswege #13340-026                                    Page    3

|            |                                                                                                              | Hours | Amount    |
|------------|--------------------------------------------------------------------------------------------------------------|-------|-----------|
| 03/09/05   | meeting with client at Mercer County Jail Aledo                                                               | 2.50  | 500.00    |
|            | letter to Attorney Scovil: document request                                                                  | 0.10  | 20.00     |
|            | round trip travel: Aledo                                                                                      | 1.50  | 300.00    |
| 03/11/05   | court appearance Judge Mihm (Rock Island): pretrial conference - continued to 4-21-2005 @ 2:00               | 0.50  | 100.00    |
|            | telephone call from client's sister Jane Schnell: status                                                     | 0.30  | NO CHARGE |
| 03/15/05   | receive and review: jail journal 2/2 from client (February to March 9, 2005)                                 | 0.10  | 20.00     |
| 03/22/05   | telephone call from client: doesn't want me to contact Dr. (per last week's first message), will obtain bank information after review of government's discovery file | 0.20  | 40.00     |
| 03/31/05   | review discovery at US Attorney office Rock Island                                                            | 4.75  | 950.00    |
| 04/08/05   | telephone conferences with Mehochko: plea negotiation, request Rule 16 update, confirm drug amount calculations with letter ASAP, global plea agreeement | 0.30  | 60.00     |
|            | ~~letter to Scovil (second): request~~ meeting and financials; copy to Attorney Schick                       | ~~0.20~~ | ~~40.00~~ |
| 04/11/05   | review discovery at US Attorney in Rock Island                                                                | 1.50  | 300.00    |

**EXHIBIT B**

Gerald Aswege #13340-026                                    Page    4

|            |                                                                                                                                  | Hours | Amount    |
|------------|----------------------------------------------------------------------------------------------------------------------------------|-------|-----------|
| 04/14/05   | meeting with client at Mercer County Jail                                                                                        | 3.50  | 700.00    |
|            | round trip travel: Aledo                                                                                                          | 1.50  | 300.00    |
| 04/15/05   | review file; prepare letters to Mehochko (2): outline proposed compromise, discovery obligations                                 | 3.00  | 600.00    |
|            | letter client reporting status: amend income tax extensions; enclose Mehochko letters, tax extension forms Illinois and Federal, current FMV of Silverado internet printout, | 0.30  | 60.00     |
| 04/19/05   | telephone calls US Marshall: for information (Rock Island), Julie-Royal Robinson (Springfield) - message left                     | 0.10  | 20.00     |
| 04/20/05   | review letter from Mehochko; telephone reply                                                                                      | 0.10  | 20.00     |
| 04/21/05   | letter to client reporting status: enclose correspondence, confirm decision to negotiate plea                                    | 0.20  | 40.00     |
|            | court appearance Judge Mihm (Rock Island): pretrial conference - defendant ready for trial, government seeks delay                | 1.00  | 200.00    |
|            | telephone calls (2) US Marshall Julie-Royal Robinson (Springfield): voicemail                                                    | 0.10  | NO CHARGE |
|            | telephone calls (2) US Marshall Julie-Royal Robinson (Springfield): voicemail                                                    | 0.10  | NO CHARGE |

EXHIBIT B

Gerald Aswege #13340-026                                    Page   5

|            |                                                                                                                                                       | Hours | Amount |
|------------|-------------------------------------------------------------------------------------------------------------------------------------------------------|-------|--------|
| 04/21/05   | telephone call US Marshall (custodian for seized assets) Julie-Royal Robinson (Springfield): review Consolidated Asset Tracking System (CATS) - US Attorney's office has same system, case accounts | 0.10  | 20.00  |
|            | telephone call to/from Kathy for Judge Mihm: scheduling                                                                                                 | 0.10  | 20.00  |
| 04/29/05   | review April 28, 2005 letter from AUSA Mehochko: additional discovery/disclosure (13 pp.)                                                               | 0.20  | 40.00  |
|            | review file; telephone status hearing Judge Mihm: pretrial conference                                                                                   | 0.20  | 40.00  |
|            | review letter from AUSA Mehochko: summary of plea offer                                                                                                 | 0.10  | 20.00  |
| 04/30/05   | meeting with client at Aledo: deliver and review 4/29 plea offer summary letter from Mehochko - client declined, trial preparation                      | 0.92  | 184.00 |
|            | round trip: Aledo                                                                                                                                       | 1.50  | 300.00 |
| 05/01/05   | revise: Defendant's Proposed Voir Dire                                                                                                                  | 0.20  | 40.00  |
| 05/02/05   | meeting with AUSA Lang, AUSA Mehochko and DEA Johnson; review physical evidence with DEA Johnson                                                         | 1.75  | 350.00 |
|            | letter to AUSA Mehochko: summarize contacts, case status, stipulation, exhibit review                                                                   | 0.50  | 100.00 |
|            | trial preparation                                                                                                                                       | 2.00  | 400.00 |

EXHIBIT B

Gerald Aswege #13340-026                                    Page    6

|  |  | Hours | Amount |
|---|---|---|---|
| 05/03/05 | letter to AUSAs Lang and Mehochko: status | 0.40 | 80.00 |
|  | review multiple facsimiles (25 pp.) from US Attorney: Motions/Briefs, Witness List, Santiago and 404(b) Notices | 0.10 | 20.00 |
|  | receive expert witness disclosure: Jon H. Johnson (7 pp.) | 0.20 | 40.00 |
|  | research; prepare Motion in Limine and Defendant's Proposed Jury Instructions | 3.00 | 600.00 |
| 05/04/05 | Jury Trial - per diem | 10.00 | 2,000.00 |
|  | review facsimile (7 pp): Government's Motion in Limine | 0.20 | 40.00 |
| 05/05/05 | Jury Trial - per diem; plea agreement negotiated, discussed with client, entered with court - acceptance deferred | 5.00 | 1,000.00 |
| 05/17/05 | receive letter and enclosures from Attorney Schick: dissolution of marriage status; letter to client reporting status: divorce discovery | 0.20 | 40.00 |
| 05/31/05 | letter to client reporting status: enclose May 25, 2005 letter from AUSA Mehochko - forfeiture settlement proposal, representation issues, divorce case status | 0.20 | 40.00 |
| 06/09/05 | PSIR Interview with USPO Seaton at Mercer County Jail | 1.25 | 250.00 |
|  | meeting with client after PSIR | 1.67 | 334.00 |

EXHIBIT B

Gerald Aswege #13340-026                                    Page    7

|  |  | Hours | Amount |
|---|---|---|---|
| 06/09/05 | round trip travel: Aledo | 1.50 | 300.00 |
|  | review letter from client; correspondence and withdrawal of Attorney Schick from client's dissolution of marriage case | 0.10 | 20.00 |
| 07/06/05 | review correspondence from client: downward departure? - danger to family or self, Chris Minor report, Craig Kavensky, lawyer to sue Schick | 0.10 | 20.00 |
| 07/13/05 | review July 7, 2005 correspondence from client: his cousin suggested letter stating a conflict of interest, vehicle to pull trailers and haul grain | 0.10 | 20.00 |
| 07/15/05 | review correspondence from client: keep truck, $60,000 in cash, interest, $20,000 from safe deposit box, inform probation officer of treatment - denied phone access, lawyer, TV report - threats, etc.? | 0.10 | 20.00 |
|  | receive letter and enclosures from Schick: withdrawal granted and Case Management Order | 0.10 | NO CHARGE |
| 07/18/05 | telephone calls (2) from client: questions about claim against Attorney Schick; reminded of previous advice and avoiding potential for conflict of interest; priorities; client mentions postponement of meeting with DEA due to NCAA attendance - TB: Is there an issue? Gerry - "no" | 0.30 | 60.00 |
| 07/29/05 | prepare special Attorney Fee Contract: Illinois Dissolution of Marriage with assignment, no retainer | 0.20 | NO CHARGE |

**EXHIBIT B**

Gerald Aswege #13340-026                              Page    8

|            |                                                                                                                                                                                                                                                                      | Hours | Amount    |
|------------|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-------|-----------|
| 07/29/05   | review: PSIR, Plea Agreement, 4-15-2005 discovery letter; analyze possible objections; facsimile letter to USPO Seaton-Ewers: preliminary objections                                                                                                                      | 2.00  | 400.00    |
|            | round trip travel: Aledo                                                                                                                                                                                                                                                  | 1.50  | 300.00    |
|            | meeting with client: sentencing preparation – review preliminary objection letter, receive client's written comments on PSIR, present divorce fee agreement – "has someone who will do it for a flat fee"; much distracted communication – argument over facts and consequences | 3.00  | 600.00    |
| 08/11/05   | telephone call from AUSA Mehochko: requests continuance, discuss settlement                                                                                                                                                                                               | 0.10  | 20.00     |
| 08/16/05   | review facsimile (4 pp.): government Motion to Continue Sentencing                                                                                                                                                                                                         | 0.10  | 20.00     |
| 08/25/05   | letter to AUSA Lang and Mehochko: confirm forfeiture negotiation, interest?                                                                                                                                                                                               | 0.20  | 40.00     |
|            | letter to client reporting status: schedule, enclosure, divorce representation requires witnessed assignment                                                                                                                                                             | 0.20  | 40.00     |
| 08/26/05   | receive messages from client and sister Jane Schnell; return sisters call                                                                                                                                                                                                 | 0.20  | NO CHARGE |
|            | receive telephone message from client: wants to move sentencing to Rock Island                                                                                                                                                                                            | 0.10  | NO CHARGE |

EXHIBIT B

Gerald Aswege #13340-026

Page   9

| | | Hours | Amount |
|---|---|---|---|
| 09/03/05 | review September 2, 2005 letter from AUSA Mehochko: forfeiture settlement offer | 0.10 | 20.00 |
| 09/12/05 | telephone call from Deputy US Marshall Wiegand: problem with dermatologist, will get another if needed | 0.10 | 20.00 |
| 09/13/05 | telephone call to AUSA Mehochko: obtain two day extension on offer, interest?; telephone call from AUSA Mehochko: interest is being earned - request statement | 0.10 | 20.00 |
| 09/15/05 | telephone call(s) from client: argument, client is irrational - bringing up the past, unable to focus discussion on current decisions | 0.20 | 40.00 |
| | review September 14, 2005 facsimile: substituted cash interest estimate; letter to AUSA Mehochko: deadline extension, Rock Island forfeiture case status | 0.20 | 40.00 |
| 09/20/05 | meeting with ASA Nunez at RI County SA office: she will provide valuations and propose settlement | 0.50 | 100.00 |
| | review file; letter to client reporting status: summarize representation status, breakdown in communication and progress, offer to withdraw | 1.00 | 200.00 |
| 09/21/05 | round trip travel: Aledo | 1.50 | 300.00 |

EXHIBIT B

Gerald Aswege #13340-026                                    Page  10

|  | | Hours | Amount |
|---|---|---|---|
| 09/21/05 | meeting with client: client is loud, accusing, aggresive, unable to focus decisions or conversation, much argument over case progress, attorney conduct, etc.; September 21, 2005 letter delivered with latest correspondence | 1.00 | 200.00 |
| | prepare: Application and Consent to Withdrawal | 0.20 | 40.00 |
| | revise:  Application to Withdraw | 0.30 | 60.00 |
| 09/22/05 | round trip travel: Peoria | 3.00 | 600.00 |
| | court appearance: Sentencing Hearing, in camera procceeding - clients mental health and representation issues, testimony of DEA Johnson - truthfulness of client's proffer; meetings with client, his family, forfeiture negotiation with opposing counsel, wait for other court proceedings and recess | 4.00 | 800.00 |
| 09/26/05 | receive telephone message from client (Friday 2:14 pm): offer $50k plus two vehicles, other items to be released, get done next week? | 0.10 | NO CHARGE |
| 09/27/05 | round trip travel: Aledo | 1.50 | 300.00 |
| | meeting with client at Mercer County Jail | 2.00 | 400.00 |
| 09/28/05 | facsimile letter to prosecutors communicating client's offer: $50,000 plus Silverado | 0.10 | 20.00 |
| | review and outline legal and factual issues in forfeiture; trial preparations | 1.00 | 200.00 |

EXHIBIT  B

Gerald Aswege #13340-026                                    Page  11

|            |                                                                                                                              | Hours | Amount    |
|------------|------------------------------------------------------------------------------------------------------------------------------|-------|-----------|
| 09/29/05   | receive facsimile from AUSA Mehochko; telephone calls to and from: unwilling to make counter-offer, some discussion of trial time – TB "at least a day" | 0.20  | 40.00     |
|            | review file: outline negotiation status, draft negotiation summary letter to prosecutor                                       | 0.30  | 60.00     |
|            | review criminal forfeiture procedure: no PSR                                                                                  | 1.00  | 200.00    |
|            | letter to client: status                                                                                                     | 0.10  | 20.00     |
| 10/03/05   | receive telephone answering machine message (Saturday 1:11pm) from client: "I don't know ..." (4x); start letter confirming message | 0.30  | 60.00     |
|            | return telephone call to Kathy for Judge Mihm: message left October 13 is clear                                               | 0.10  | NO CHARGE |
|            | revise September 28, 2005 letter to AUSA Mehochko and Lang                                                                    | 0.10  | 20.00     |
| 10/04/05   | receive and review e-mail transcript of sentencing hearing                                                                    | 0.20  | 40.00     |
| 10/06/05   | telephone calls (2) from client: first was truncated; confirm argument and status by revising 10/3/2005 draft letter          | 0.40  | 80.00     |
|            | letter to AUSA Mehochko: $30k plus both vehicles                                                                              | 0.10  | 20.00     |
|            | review file; letter to client: response to October 3, 2005 answering machine message, detailed case and representation status report | 0.80  | 160.00    |

EXHIBIT B

Gerald Aswege #13340-026                              Page  12

|  |  | Hours | Amount |
|---|---|---|---|
| 10/07/05 | review currency; contact Wells Fargo banker and US Treasury about dating currency | 1.00 | NO CHARGE |
| 10/12/05 | letter confirming delivery of documents, draft invoice and estimate, no directions | 0.10 | 20.00 |
|  | round trip travel: Aledo | 1.50 | 300.00 |
|  | trial preparation | 2.00 | 400.00 |
|  | telephone call to Mehochko: status, "$75,000 plus two vehicles" - today only - back to original offer due to preparation | 0.10 | 20.00 |
|  | meet with client at Mercer County Jail: immediate argument - meeting ended | 0.33 | 66.00 |
|  | telephone calls to/from AUSA Mehochko: forfeiture hearing plans, won't consider $60k/$55k plus two vehicles now | 0.10 | 20.00 |
| 10/13/05 | round trip travel: Peoria | 3.50 | 700.00 |
|  | court appearance Judge Mihm: forfeiture hearing; meetings with client, brother, prosecutor | 3.65 | 730.00 |
| 10/14/05 | telephone call from Jane Schnell: review status of case and representation, answer several questions, discuss Guardian Ad Litem and/or Power of Attorney, she requests copies of divorce and forfeiture discovery | 0.50 | 100.00 |
| 10/19/05 | receive letter from client (postmarked 10-18-2005): questions about representation, includes copy of 5-25-2005 letter from Mehochko | 0.30 | 60.00 |

EXHIBIT B

Gerald Aswege #13340-026                                          Page  13

                                                        Hours        Amount

        with client questions; status letter
        - sisters and civil case discovery
        obligations, power of
        attorney/guardian ad litem, proposed
        Preliminary Order of Forfeiture,
        request he use other counsel to
        address me or make claims

10/19/05 review proposed Order; telephone            0.20         40.00
        call to AUSA Mehochko: Preliminary
        Order of Forfeiture approved as to
        form only

10/26/05 letter to Jane Schnell: deliver             0.30         60.00
        requested information; copy to client

        letter to Jane Schnell: colonoscopy          0.10         20.00
        status; copy to client

10/28/05 review letter from Attorney Scovil:         0.10      NO CHARGE
        divorce representation?

11/01/05 revise letter to Jane Schnell: send         0.20         40.00
        with copies of pending discovery and
        sentencing motion

        letter to client: return documents           0.10         20.00
        he presented in court

11/03/05 telephone call from US Marshall: Jim        0.10         20.00
        Wiegand: client scheduled for
        colonoscopy at Mercer County Clinic,
        shipping out in two weeks

11/09/05 telephone call from Jane Schnell            0.30         60.00
        (2): answered numerous questions to
        her satisfaction, advised he should
        have an attorney, Jane is speaking
        with Mary Seaton-Ewers for
        information also

EXHIBIT B

Gerald Aswege #13340-026

| | Hours | Amount |
|---|---|---|
| 11/29/05 review and copy collection and offset correspondence from USDOJ; copies for client made | 0.10 | 20.00 |
| 12/06/05 telephone calls (3) and letter to AUSA Mehochko: request he consider continuing hearing - declined | 0.30 | NO CHARGE |
| 12/08/05 receive letter from Claudia Vescolani: expecting power of attorney, return items to clients home; copy for client made | 0.10 | 20.00 |

For professional services rendered    107.92 $20,684.00

Additional charges:

| | | |
|---|---|---|
| 01/31/05 mileage: Aledo | | 24.00 |
| 03/09/05 mileage: Aledo | | 0.40 |
| 04/15/05 postage | | 1.80 |
| 04/30/05 mileage: Aledo | | 24.00 |
| 05/04/05 parking - City of Rock Island | | 7.00 |
| 06/09/05 mileage: Aledo | | 24.00 |
| 07/29/05 mileage: Aledo | | 24.00 |
| 09/21/05 Karen S. Hanna - Court Reporter - Plea Transcript | | 25.73 |
| printing - case records - Pacer Service Center | | 11.59 |
| mileage: Aledo | | 24.00 |
| 09/22/05 mileage: Peoria | | 80.00 |

**EXHIBIT B**

Gerald Aswege #13340-026                                    Page  15

                                                            Amount

09/27/05 mileage: Aledo                                      24.00

10/06/05 Karen S. Hanna - Court Reporter - Sentencing       178.20
         Transcript (excluding in camera proceedings)

10/12/05 mileage: Aledo                                      24.00

10/13/05 mileage: Peoria                                     80.00

         parking - Commerce Bank Parking Deck                 4.80
                                                           ─────────
         Total costs                                        $557.52
                                                           ─────────

         Total amount of this bill                        $21,241.52
                                                           ═════════

Minimum flat fee retainer $7500 plus per diem trial fees
guaranteed per contract of February 11, 2005
                                                           ─────────
         Balance due                                      $21,241.52
                                                           ═════════

                      Timekeeper summary

| Timekeeper | Hours | Rate | Amount |
|------------|-------|------|--------|
| Ted Breckenfelder | 107.92 | 191.66 | $20,684.00 |

**EXHIBIT B**

FOR TED BRECHENFEDER    FROM Jerry Asweye

TED. I WANTED TO LET YOU NO THAT I
WOULD LIKE YOU SEE IF YOU CAN WORK OUT
IN THE FORFITCHRE THIS OF KEEPING THE
TROCK AND FORFITING THE TAHOE SO WE
WILL STILL HAVE A MEANS OF HALLING GRAIN
WAGONS HAY TRAYLERS. AND BE ABLE TO
POL ATACMENTS FOR TRACTORS TO HALL
BACK AND FORTH TO MAIN TAINT THE FARMS
I BEAD IN RULE 35 that this Might be
able to be done Becase of Cousaing Hard
ship on the Family of In Corsarated Spease
I also though that mabe we could offen
60000 IN Cash From procods From SALE
OF Colorado Property I would also like to
No WHERE IN TREST ON THIS MONEY IS
FOR THE LAST 6 MONTHS And on THE
20,000 They Took OUT OF My BANK
ACCOUNTS I No you Talk about Finding
out about TI when you were seeing
about get a draw For your Servaces
But I've never been In Formed on WHATS
going on I ALSO WAS WONDERING WHAT
EVER CAME OF THE PAPERS THAT I
WROTE UP AND GAVE You From the cang
I was Treated And Not GIVEN ackcess
to phone and means of t.

Ⓐ

R. 7-15-05                            EXHIBIT C

a lawyer before you took the case on
And Is that something the Probation
Officer needs to see a Head of time
I also was wondering If we need to
make sure SHE nos of the Two Attacks
on me Because of the Footage on
TV That was Run and That These Men
Commited Bottle Harm To Me Because of
It And That My Wife And Kids Are
Going To Have To Live In Fear The
Rest of There Life Not Noing If
Some of Tounrs Reuitives Might
Retaliate Against Them I Hope We
Can Meet Plenty Ahead of Time To
Discuss Whats Going On Thanks

Jerry Asuege

EXHIBIT C

# TED BRECKENFELDER

**563.322.1000**

**Attorney and Counselor at Law**
Licensed in Illinois, Iowa, and Federal Courts

SUITE 501 WELLS FARGO BANK BUILDING
220 NORTH MAIN STREET
DAVENPORT, IOWA 52801-1906
FACSIMILE: 563.322.7870

August 25, 2005

Jeffrey B. Lang
John K. Mehochko
Assistant U. S. Attorney
1830 2nd Avenue
Rock Island, IL 61201-8003



Re:   **USA vs. ASWEGE**
       **USDC CDIL NO. 04-40073**

Gentlemen:

This letter will confirm the last exchange of settlement offers in the above case.

After meeting with my client July 29, 2005, I proposed resolving the remaining count in this case, and all pending forfeitures by my client's agreement to concede forfeiture of the sum of $50,000.00 in cash plus the Tahoe, all other property seized being returned.

I understand the government's present counteroffer to be $65,000 in cash plus the Tahoe and Silverado being forfeited by agreement, with all other seized property being returned.

Please advise me of the amount of interest earned to date on the substituted cash assets held since the sale of my client's Colorado condominium and confirm with me the present position of the government. It will be appreciated if you send me this information in writing, at your next opportunity.

It appears a reasonable compromise is available and an efficient resolution can be achieved through settlement.

Sincerely,


Ted Breckenfelder


c: client

**EXHIBIT D**



U.S. Departme... of Justice

*United States Attorney*
*Central District of Illinois*

*Jan Paul Miller*
*United States Attorney*

*Quad Cities Division Office*
*Star Cres Building*
*1830 Second Avenue, Third Floor*
*Rock Island, Illinois 61201-8003*
*TEL: (309) 793-5884*
*FAX: (309) 793-5895*

September 2, 2005

<u>BY FAX AND U.S. MAIL</u>



Ted Ernst Breckenfelder
Attorney at Law
220 North Main St., Suite 501
Davenport, IA 52801

Re: <u>United States v Gerald M. Aswege</u>
Case No. 04-40073

Dear Mr. Breckenfelder:

I received your letter of August 25, 2005. As I told you three weeks ago on August 12, 2005, the government will agree to resolve the forfeiture allegations in exchange for: 1) the 2004 Silverado pickup; 2) the 2002 Chevrolet Tahoe; and 3) $65,000. The remaining property seized for federal forfeiture would be returned to your client or a designated representative; state forfeiture matters should be taken up with the Rock Island County State's Attorney.

Please discuss this matter with your client and inform me whether we can reach a negotiated settlement. This offer will expire at 5 p.m. on Tuesday, September 13, 2005; if not accepted, be advised the government will proceed to the forfeiture hearing and seek to forfeit all assets at issue to the fullest extent provided by law.

Very truly yours,

JAN PAUL MILLER
UNITED STATES ATTORNEY

By:

JOHN K. MEHOCHKO
ASSISTANT U.S. ATTORNEY

EXHIBIT E



**U.S. Department of Justice**

*United States Attorney*
*Central District of Illinois*

---

*Jan Paul Miller*
*United States Attorney*

*Quad Cities Division Office*
*Star Cras Building*
*1830 Second Avenue, Third Floor*
*Rock Island, Illinois 61201-8003*
*TEL: (309) 793-5884*
*FAX: (309) 793-5895*

September 14, 2005

BY FAX AND U.S. MAIL

Ted Ernst Breckenfelder
Attorney at Law
220 North Main St., Suite 501
Davenport, IA 52801

Re: <u>United States v Gerald M. Aswege</u>
Case No. 04-40073

Dear Mr. Breckenfelder:

Per our telephone discussion yesterday, enclosed is an estimate of the interest accrued on the Colorado condo sale proceeds held in the Marshals forfeiture account. Also, as we discussed yesterday, please notify me whether your client intends to enter into a negotiated forfeiture settlement; the current offer will expire at 5 p.m. on Thursday, September 15, 2005.

Very truly yours,

JAN PAUL MILLER
UNITED STATES ATTORNEY

By:

JOHN K. MEHOCHKO
ASSISTANT U.S. ATTORNEY

**EXHIBIT F**

# TED BRECKENFELDER

**563.322.1000**

**Attorney and Counselor at Law**
Licensed in Illinois, Iowa, and Federal Courts

SUITE 501 WELLS FARGO BANK BUILDING
220 NORTH MAIN STREET
DAVENPORT, IOWA 52801-1906
FACSIMILE: 563.322.7870

September 15, 2005

VIA FACSIMILE 793-5895

Jeffrey B. Lang
John K. Mehochko
Assistant U. S. Attorney
1830 2nd Avenue
Rock Island, IL  61201-8003

Re:   **USA vs. ASWEGE**
       **USDC CDIL NO. 04-40073**

Gentlemen:

Thank you for sending the interest estimate yesterday, the earlier confirmation of your settlement position, and providing the brief time extension for response to 5:00 p.m. today.

Unfortunately, due to the uncertainty left with recent exclusion from our negotiation of property subject to forfeiture in Rock Island County O4 MR 744; and more significantly, a relationship breakdown during telephone communications with my client; I am unwilling to respond today on his behalf. I will attempt to determine and confirm his position on all remaining issues or, if this communication problem continues, I may seek permission to withdraw as counsel.

Additionally, I have set a meeting with Rock Island County Assistant States Attorney Norma Nunez for next Tuesday, with the hope those concerns can be eliminated.

I still believe a reasonable compromise is available and an efficient resolution can be achieved through settlement. Please advise me whether this offer may again be extended.

Sincerely,

Ted Breckenfelder

c:    client

**EXHIBIT G**

# TED BRECKENFELDER

**563.322.1000**

**Attorney and Counselor at Law**
Licensed in Illinois, Iowa, and Federal Courts

SUITE 501 WELLS FARGO BANK BUILDING
220 NORTH MAIN STREET
DAVENPORT, IOWA 52801-1906
FACSIMILE: 563.322.7870

September 20, 2005

**HAND DELIVERED**

Gerald M. Aswege
% United States Marshall
Mercer County Jail
906 SW Third Street
Aledo, IL 61231

RE:     USA v. Gerald M. Aswege
         USDC CDIL No. 4:04-cr-40073-MMM-JAG

Dear Mr. Aswege:

This letter follows our telephone conversation during two calls last Thursday. Conversation again erupted into argument about how to proceed, what I supposedly said, etc. It is my opinion that you are unwilling to follow a logical method to resolve your case(s) according to my advice. We have previously had this experience, so I will recap some events for our mutual record.

I was contacted by Attorney Gerald Schick who asked me to represent you following his disqualification. When I first met with you, and consistently thereafter until he moved to withdraw, I suggested he remain as your divorce attorney, so I wouldn't have to deal with that case as a distraction from what I still consider to be the priority issue in your criminal case, the forfeiture disposition. You have expressed financial and attorney malpractice claims against him, which I have expressly declined due to his referral and my opinion that he did a significant amount of work on your behalf based on my review of his criminal case file. Contrary to my instructions, you apparently had a telephone argument with him and provided a basis for his withdrawal from representation in the divorce. Certain deadlines were established by the court in the divorce case, following Schick's withdrawal; they are now past.

You have repeatedly expressed dissatisfaction with Attorney Schick, primarily financial concerns, and have stated a claim that this criminal case was expected to be simply and favorably resolved before he was disqualified. Prior to trial, you received a series of plea offers which were clearly communicated to you and which you turned down. During trial, a less favorable plea agreement was made and you entered a plea of guilty before the court, with a specific sentence negotiated. It is my opinion that negotiation was favorable to you; however on several occasions since that time, you have raised issues with me about your prior representation, and the circumstances of your guilty plea. You have suggested raising issues at sentencing; to which I have advised you to avoid breaching your plea agreement. I have been steadfast in my advice to you about this and have consistently required you to resolve claims against me about representation before proceeding on your behalf.

**EXHIBIT H**

Aswege
September 20, 2005
Page two

After Schick withdrew, you asked me to be your divorce attorney; I prepared and presented you with my standard agreement for representation with the same assignment to guarantee payment of my fees which was used to secure my representation in the federal criminal case. You asked me to do this on a flat fee; which I declined. You told me you had another attorney willing to handle the divorce for a flat fee. I set a deadline to have you retain me so I could address the divorce court on your behalf before the status conference date of September 12, 2005 and maintain the priority of resolving your forfeiture interest first. You returned this to me without the assignment signed or witnessed and I sent it back to you. Because of the passage of time deadlines, your failure to complete the discovery in that case with Attorney Schick and the regular and current difficulty I have in accomplishing simple communications with you, I am declining to take that case.

Again, I have presented you with a reasonable method for resolving all of your legal problems in sequence and you have continuously insisted on addressing peripheral issues in our conversations. The forfeiture case negotiations suggest that a reasonable agreement was close at the time our communications broke down. Time for settlement of your forfeiture has expired as we were unable to discuss simple financial considerations by telephone in a rational manner. You had previously left me a telephone message to move the location of your hearing from Peoria to Rock Island, which I now understand you do not want anymore.

I am also now offering to withdraw in the criminal case due to our problems with progress and communications. You are apparently now unhappy with me and the legal services provided to date. I have been paid nothing to date and based on your decisions leading to another trial think the collateral from the forfeiture may be in jeopardy. My financial interest is secondary to yours; however, I believe I have been more than successful for you, generous in my time and efforts; this is especially so considering the level of crap you are recently dispensing in my direction. I bear no responsibility for your present predicament.

You are again reminded that if you now intend to bring issues related to legal representation, they must always be addressed first before further actions are taken in your case. Please write me about whether you want to make claims about the earlier case process, my representation, etc. The latest correspondence between attorneys in this case is enclosed for your records.

Sincerely,


Ted Breckenfelder

Enclosures

**EXHIBIT H**

# TED BRECKENFELDER

**563.322.1000**

## Attorney and Counselor at Law

Licensed in Illinois, Iowa, and Federal Courts

SUITE 501 WELLS FARGO BANK BUILDING
220 NORTH MAIN STREET
DAVENPORT, IOWA 52801-1906
FACSIMILE: 563.322.7870

September 28, 2005

VIA FACSIMILE 793-5895

Jeffrey B. Lang
John K. Mehochko
Assistant U. S. Attorney
1830 2nd Avenue
Rock Island, IL 61201-8003

        Re:    **USA vs. ASWEGE**
              **USDC CDIL NO. 04-40073**

Gentlemen:

Mr. Aswege has authorized me to offer $50,000 plus the Silverado to settle all federal interests in pending forfeitures; this presumes return of the balance of his property being held.

Sincerely,

Ted Breckenfelder

c:     client

**EXHIBIT I**



**U.S. Department of Justice**

*United States Attorney*
*Central District of Illinois*

---

*Jan Paul Miller,*
*United States Attorney*

*Quad Cities Division Office*
*Star-Cres Building*
*1830 Second Avenue, Third Floor*
*Rock Island, Illinois 61201-8003*
*TEL: (309) 793-5884*
*FAX: (309) 793-5895*

September 28, 2005

<u>BY FAX AND U.S. MAIL</u>

Ted Ernst Breckenfelder
Attorney at Law
220 North Main St., Suite 501
Davenport, IA 52801

Re: <u>United States v Gerald M. Aswege</u>
Case No. 04-40073

Dear Mr. Breckenfelder:

I have received your letter of September 28, 2005, with your latest proposed settlement offer. Unfortunately, your client's offer is unacceptable to the government. Please contact me at your earliest convenience to discuss the details of the forfeiture hearing so we may notify Judge Mihm's chambers of our time requirements and set a hearing date.

Very truly yours,

JAN PAUL MILLER
UNITED STATES ATTORNEY

By:      JOHN K. MEHOCHKO
ASSISTANT U.S. ATTORNEY

**EXHIBIT J**

# TED BRECKENFELDER

**563.322.1000**

**Attorney and Counselor at Law**
Licensed in Illinois, Iowa, and Federal Courts

SUITE 501 WELLS FARGO BANK BUILDING
220 NORTH MAIN STREET
DAVENPORT, IOWA 52801-1906
FACSIMILE: 563.322.7870

September 29, 2005

Gerald M. Aswege
% United States Marshall
Mercer County Jail
906 SW Third Street
Aledo, IL  61231

      RE:    USA v. Gerald M. Aswege
              USDC CDIL No. 4:04-cr-40073-MMM-JAG

Dear Mr. Aswege:

Enclosed is the written response received to your latest settlement offer. I had a telephone conversation with the prosecutor today, wherein we discussed the government's position on settling the forfeiture. I was unable to get a specific counter-offer from the prosecutor; but expect because of recent conversations with him the government is set on forfeiting your interest in both vehicles and at least $60,000 in additional cash.

Consequently, I did not offer your alternative, but have instead drafted the enclosed letter. Please contact me upon receipt to simply communicate your position, or indicate whether I should come to visit you again.

Sincerely,


Ted Breckenfelder


Enclosures

**EXHIBIT K**

Asw e Answering Machine Message txt

Saturday 1:11 pm Ted this is Jerry. Hey I got your letter um I don't
 know what to do there.
I guess you are just going to have to give them what they want
if thats the way it is either that or we take them to court. I don't know—
you still haven't told me where we stand as far as taking them to co
urt to get em.
um so I guess just you know offer them maybe 60K and the two vehicle
s or you know
I don't know what else to tell you, it seems like they are either go
ing to get what they want or they will gonto court so
we are going to have to I guess we have to decide whether to take th
em to court
to get the other vehicle back, I guess just make them another offer
and see what they say. Talk to you later

**EXHIBIT L**

# TED BRECKENFELDER

**563.322.1000**

**Attorney and Counselor at Law**
Licensed in Illinois, Iowa, and Federal Courts

SUITE 501 WELLS FARGO BANK BUILDING
220 NORTH MAIN STREET
DAVENPORT, IOWA 52801-1906
FACSIMILE: 563.322.7870

October 6, 2005

VIA FACSIMILE 793-5895

Jeffrey B. Lang
John K. Mehochko
Assistant U. S. Attorney
1830 2nd Avenue
Rock Island, IL  61201-8003

      Re:   **USA vs. ASWEGE**
           **USDC CDIL NO. 04-40073**

Gentlemen:

Mr. Aswege has directed me to offer $30,000 plus both motor vehicles, the Silverado and Tahoe, to settle all federal interests in pending forfeitures; this presumes return of the balance of his property being held.

Sincerely,

Ted Breckenfelder

c:     client

**EXHIBIT M**

# TED BRECKENFELDER

**Attorney and Counselor at Law**
Licensed in Illinois, Iowa, and Federal Courts

563.322.1000

SUITE 501 WELLS FARGO BANK BUILDING
220 NORTH MAIN STREET
DAVENPORT, IOWA 52801-1906
FACSIMILE: 563.322.7870

October 6, 2005

Gerald M. Aswege
% United States Marshall
Mercer County Jail
906 SW Third Street
Aledo, IL 61231

RE: USA v. Gerald M. Aswege
USDC CDIL No. 4:04-cr-40073-MMM-JAG

Dear Mr. Aswege:

I received your telephone message from Saturday left on my office answering machine on October 3, 2005. The essential parts of your statement that I want to confirm here are: "you still haven't told me where we stand" and "it appears they are going to take whatever they want" and "I guess offer them $60,000 and both vehicles". I did not act on your statement because of the context and way you spoke on the message; as of today, you have not directly or clearly authorized this (which I understand may settle your case) significant change of your position.

*Where you stand.* I believe we have sufficiently discussed your rights, evidence and claims being made against you plus defenses. The following paragraphs will summarize the significant points of our previous discussions for our mutual record.

Included in your plea agreement are written statements of fact which you have approved as being true. These were described in a conversation held under oath with Judge Mihm when you entered your guilty plea. The facts essential to forfeiture are that you utilized both parcels of land and your Silverado to facilitate a crime; this is one of the government's case theories. A defense to forfeiting the Silverado has been discussed with you, as has your suggestion that drugs were "planted" on one of the land parcels.

The government also seeks forfeiture of this same plus additional property on another theory: that much of your property is purchased with the proceeds of criminal activity. They primarily rely on claims of what you said upon being arrested and the lack of income claimed by you and your wife on income tax returns during years that certain property purchases were made.

Both sides will be given an opportunity to present evidence before the judge determines what interests of yours are forfeitable in the specific properties. The government must present evidence adequate to establish forfeiture or raise the presumption under operation of law and you will then be required to refute such evidence in order to avoid forfeiture.

**EXHIBIT N**

Aswege
October 6, 2005
Page two

The government has already taken and holds a large amount of property from you. You will be required to present proof to Judge Mihm that some of it should be returned. I do not have any ability to correctly predict the judge's decision on this forfeiture.

*Latest telephone conversation.* Today, I spoke with you by telephone. Initially, you asked me "what we should do"? I stressed to you numerous times during the conversation as I have previously during this representation, that you are the only person in our relationship who makes decisions that affect the case outcome. You said the government "didn't like" me or you and suggested that dislike had something to do with the status of the case.

After another argument ensued, including your complaints about my work in this case, you asked me why I hadn't delivered the second offer. I explained my reasoning in my last proposed letter to the prosecutor, which was sent to you with my last letter to you of September 29, 2005. You accused me of sending this offer (letter) without your approval – as of today it has not been sent – it was only my suggestion – it was my belief you would look at the calculations and the negotiation summary to move this toward a conclusion. On the telephone today, I tried to explain my reasoning but was repeatedly interrupted by you talking about past events/statements. I also restated what I have told you many times previously about "getting to a number", because you have expressed interest in settlement without trial, regardless of the forfeiture issues. I believe you should try to settle this remaining part of your case, but can't convince you to focus on the decision, which is solely yours.

Before hanging up, you directed me to deliver your second (alternative) offer "$30,000 plus both vehicles"; this is done and a copy is enclosed for your records.

*Representation.* Gerry, I have repeatedly told you that if you have issues with me – communications, what I have done, what I haven't done, etc. - there is process available to you to address these. You will recall from my past statements and letters that these representation concerns take priority. I am striving to do my job here correctly at all times. I have on several occasions stated my professional concerns with the representation directly to you in person, by letter and more recently by Motion to Withdraw. We previously had a private hearing with the judge related to these representation concerns and you were asked then to state any problems you had with me. You have since told me to finish this case with you.

The constant badgering from you makes this all difficult and I believe requires me to write these details to you so there is no chance of miscommunication or professional mistake on my part. Please feel free to write to me if you disagree.

Sincerely,

Ted Breckenfelder
Enclosure

**EXHIBIT N**



**U.S. Department of Justice**

*United States Attorney*
*Central District of Illinois*

*Jan Paul Miller*                                              *Quad Cities Division Office*
*United States Attorney*                                              *Star Cres Building*
*1830 Second Avenue, Third Floor*
*Rock Island, Illinois 61201-8003*
*TEL: (309) 793-5884*
*FAX: (309) 793-5895*

October 11, 2005

BY FAX AND U.S. MAIL

Ted Ernst Breckenfelder
Attorney at Law
220 North Main St., Suite 501
Davenport, IA 52801

Re: United States v Gerald M. Aswege
Case No. 04-40073

Dear Mr. Breckenfelder:

I have received your letter of October 6, 2005, with your latest proposed settlement offer.
Your client's offer is unacceptable to the government.

Very truly yours,

JAN PAUL MILLER
UNITED STATES ATTORNEY

By: 

JOHN K. MEHOCHKO
ASSISTANT U.S. ATTORNEY

**EXHIBIT O**

TRANSCRIPT OF HAND-WRITTEN LETTER (UNDATED)

TED I WOULD LIKE TO HAVE A[N] ANSWER [TO] WHY YOU WENT THR[OUGH] MY FILES AND
PAPERWORK THORO[UGHLY] AND YOU JUST HAPPEN TO FIND THIS DOCUMENT ON OR JUST
BEFORE YOU GAVE IT TO ME ON [] 9/21/05[.]   THAT'S A LITTLE LATE TED.  THIS
COULD HAVE BEEN RESOLVE[D] IN JUNE[,] BUT YOU W[ERE] TO[O] BUSY WITH YOUR
DIVORCE.  THAT'S ANOTHER TIME WHEN YOU SAID [THAT] YOU WOULD BE BACK TO DISCUSS
ISSUES BUT YOU BLEW ME OFF AGAIN[.]   THAT AND NCAA PLAYOFF GAMES AND MEETINGS
WITH THE FEDS AP[PA]RENTLY AR[EN'T] TO[O] IMPORTANT IN YOUR BOOK OR IS IT JUST
FOR ME[.]   TED I'M EXPECTING TO HE[AR] WHAT EXCUSE YOU'LL HAVE FOR THIS.

PS   TED DO YOU REM[EM]BER TELL[ING] ME ABOUT THE O[]THER CASE YOU HAD WHEN YOU
ADVISE[D] ME TO OFFER 80% TO TRY [TO SETTLE[.]  MA[YBE] YOU'LL REM[EM]BER TALK
ABOUT GET[TING A[ TAPE FROM C[HRIS] MINOR [SIC] FOR [MY] DEFENSE[,] YOU TOLD ME
THAT [IT] WAS A GOOD IDEA TILL YOU READ UP ON THE PLEA AGREEMENT[.]   YOU DIDN'T
DO YOUR HOMEWORK SO YOU DIDN'T [K]NO[W] WHAT WAS GOING ON[,] THEN EVERYTHING
CHANGE BECA[U]SE YOU FOUND OUT THAT ....

**EXHIBIT P**

TED I WOULD LIKE TO HAVE A ANSWER ON WHY YOU WENT THREW MY FILES AND PAPER WORK THOROLY AND YOU JUST HAPPEN TO FIND THIS DOCUMENT ON OR JUST BEFORE YOU GAVE IT TO ME ON THE 9/21/05 THATS A little Late TED this COULD HAVE BEEN RESOLVE IN JUNE BUT YOU WHERE TO BUSY WITH YOUR DEVORICE THATS A NOTHER TIME WHEN YOU SAID YOU WOULD BE BACK TO DISCUSS ISSUES BUT YOU BLEW ME OFF AGAIN THAY AND NCAA PIRYOFF GAMES AND MEETINGS WITH THE FEDS APERENTLY ARNT to IMPORTANT IN YOUR BOOK OR IS IT JUST FOR ME TED IM Expecting to Here what Excuse you'll Have For this

PS TED DO YOU REMBER TELL ME ABOUT THE Oother Case YOU HAD WHEN YOU ADVISE ME TO OFFER 80% to TRY AND Settle MABY you'll Remember talk obout Get TAPE FROM CBIES MINOR FOR DEFENSE YOU told ME THAT was A GOOD IDEA till YOU Read Up ON the plea Agreement you didnt do your home work so you didnt no what was going thay change Becase you f...

**EXHIBIT P**