UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-4034 |
| ) | |
| GERALD M. ASWEGE, ) | |
| ) | |
| Defendant. ) | |

## O R D E R

This matter is now before the Court on Petitioner's Motion for Writ of Error Coram Nobis. For the reasons set forth below, the Motion is construed as a successive Motion to Vacate, Set Aside, or Correct Sentence, and is dismissed for lack of jurisdiction.

**Background**

Pursuant to a written plea agreement, Aswege pled guilty to two drug counts and waived his right to a jury trial on one forfeiture count. Aswege was sentenced on September 22, 2005. On October 13, 2005, the Court held a hearing on the forfeiture allegations in count three of the indictment, entered a preliminary order of forfeiture on October 26, 2005, and entered the final order of forfeiture on March 23, 2006. Aswege did not pursue a direct appeal in his criminal case.

On July 24, 2006, Aswege filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255. In his petition, Aswege argued that he was entitled to relief under § 2255 because his counsel was ineffective for the following three reasons: (1) his counsel failed to impeach certain government witnesses; (2) did not object to the preponderance of the evidence standard that Aswege alleged was used at sentencting; and (3) did not appeal

Aswege's conviction and sentence. The Court reviewed the pertinent provisions of Aswege's plea agreement in which he agreed to abandon his rights to bring either a direct appeal or collateral attack of his conviction. The Court also reviewed the transcript of Aswege's Rule 11 hearing, during which the Court engaged in a lengthy colloquy with him in order to ensure that his plea was voluntary and that he fully understood the terms and consequences of the agreement. Following this detailed review, the Court concluded that Aswege knowingly, intelligently, and voluntarily waived his rights to bring both an appeal and collateral attack on his conviction and sentence. The Court then reviewed his arguments to ensure that the negotiation of the various waiver provisions were not implicated. On September 7, 2006, Aswege's § 2255 petition was denied.

Aswege has now filed a Motion for Writ of Error Coram Nobis in which he again asserts claims of ineffective assistance of counsel and makes other collateral challenges to his conviction and sentence. This Order follows.

## Discussion

The Seventh Circuit has rejected the use of Writs of Error Coram Nobis as a means of circumventing the procedural bars imposed by motions brought pursuant to § 2255. Specifically, the Court of Appeals has held:

> Prisoners cannot avoid the AEDPA's rules by inventive captioning. See, e.g. *Owens v. Boyd*, 235 F.3d 356 (7th Cir. 2000) (application for coram nobis); *United States v. Evans*, 224 F.3d 670 (7th Cir. 2000) (use of Rule 33 based on matters other than newly discovered evidence of innocence). Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover. See, e.g., *Ramunno v. United States*, 264 F.3d 723 (7th Cir. 2001). Call it a motion for new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare

>impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.

Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004).

Paragraph 1 of § 2255 provides that federal prisoners claiming the right to be released based on a sentence being imposed in violation of the Constitution or federal law, lack of jurisdiction, a sentence in excess of the maximum authorized by law, or based on other collateral attacks can file a motion in the court that imposed sentence to vacate, set aside, or correct the sentence. Aswege's Motion for Writ of Error Coram Nobis alleges that the judgment of conviction should be vacated because his Sixth Amendment rights were violated. Such claims are well within the coverage of ¶1 of § 2255. Thus, under Melton, the present filing is actually a motion under § 2255, which the Court is required to dismiss for lack of jurisdiction because Aswege has not received permission from the Seventh Circuit to commence a second or successive collateral attack.[1]

---

[1] If this were Aswege's initial post-judgment motion, the Court would need to provide him with a warning that the motion would be treated as a collateral attack and offer him the opportunity to withdraw or supplement it pursuant to Castro v. United States, ___ U.S. ___, 124 S.Ct. 786 (2003). However, the same requirements and concerns do not apply when the Court recharacterizes a successive collateral motion, so no such warnings are necessary. Melton, 359 F.3d at 857.

- 4 -

## Conclusion

For the foregoing reasons, Aswege's Motion for Writ of Error Coram Nobis, which the Court construes as a Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [#1], is DISMISSED FOR LACK OF JURISDICTION. This matter is terminated.

ENTERED this 13th day of July, 2007.

                                                  s/ Michael M. Mihm
                                                  Michael M. Mihm
                                                United States District Judge