Gerald M. Aswege
Reg. No. 13340-026
Federal Prison Camp
P. O. Box 1000
Leavenworth, KS 66048-1000

**In Pro Se**

FILED
JUL 23 2007
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

GERALD M. ASWEGE,

    Defendant/Petitioner.
_____/

Case No. 4:04-CR-40073-MMM
         4:07-CV-4034-MMM-JAG

DEFENDANT/PETITIONER'S MOTION
TO ALTER OR AMEND JUDGMENT
PURSUANT TO F.R.Civ.P. 59(e)

COMES NOW Defendant/Petitioner, **Gerald M. Aswege** ("Aswege"), in pro se, currently incarcerated, and pursuant to F.R.Civ.P. 59(e) respectfully moves this Court to alter or amend the order entered on July 13, 2007, construing his Petition for Writ of Coram Nobis as a successive §2255 motion, and dismissing it, as construed, under the AEDPA's jurisdictional requirements for second or successive §2255 motions.  28 U.S.C. § 2255, ¶8 (2007).

For the below reasons, Aswege moves this Court to amend or alter the July 13, 2007, order.

Background

After indictment for two drug trafficking offenses (Counts One and Two) and a Criminal Forfeiture Count (Count Three), Aswege

entered guilty pleas to the drug counts. As part of his plea agreement, Aswege agreed to waive his right to appeal and to collaterally attack his conviction and sentence for the drug counts. He also agreed to waive his right to a jury trial for the criminal forfeiture count.

On July 24, 2006, Aswege filed a pro se §2255 motion. He raised several claims of ineffective assistance of counsel related to his conviction and sentence in the drug counts. Although not artfully made, he also presented ineffective assistance of counsel claims related to the forfeiture proceedings.

In order issued September 7, 2006, this Court correctly denied Aswege's challenges to his conviction and sentence in Counts One and Two, the drug counts. Also, this Court, sua sponte, addressed any possible deficiencies of counsel in plea process. However, this Court didn't address the unartfully-made criminal forfeiture claims. Nevertheless, in denying Aswege's application for Certificate of Appealability, this Court stated, citing **United States v. Ramsey**, 106 F.3d 404 (7th Cir. 1997) (unpublished), that "[a]ny challenge to the forfeiture order would need to be brought in the criminal proceeding."

In July of 2007, Aswege filed his Petition for Writ of Coram Nobis, making three claims of ineffective assistance of counsel in the forfeiture proceedings. In order entered July 13, 2007, this Court construed Aswege's Coram Nobis as a successive §2255 motion and dismissed it for lack of jurisdiction.

///

///

Argument

Section 2255 of Title 28 U.S.C. states that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255 (2007).

In the Seventh Circuit "has been well established . . . that a fine-only conviction is not enough a restraint on liberty to constitute 'custody' within the meaning of the habeas corpus statutes, 28 U.S.C. §§ 2254 and 2255." **Barnickel v. United States**, 113 F.3d 704, 706 (7th Cir. 1997). Furthermore, "a criminal defendant who [is] in custody c[an] not, under §2255, challenge a [forfeiture] order imposed as part of a sentence that also included an incarceration component . . . . [R]elief requested in such case d[oes] not qualify as a 'right to be released,' as required by §2255 itself[.]" **Ibid**, citing **Smullen v. United States**, 94 F.3d 20, 25 (1st Cir. 1996).

In this case, Aswege presented claims of ineffective assistance of counsel in the forfeiture proceedings, claims that would not result in his 'right to be released,' as required for §2255 jurisdiction.

Moreover, the Seventh Circuit has "approved the use of a writ of coram nobis to challenge a [forfeiture] order[.]" **Barnickel, supra,** 113 F.3D at 706, citing **United States v. Mischler**, 787 F.2d 240 (7th Cir. 1986).

Based on the above, the construing of his petition as a

successive section 2255 motion was improper. Moreover, Aswege's Petition for Writ of Coram Nobis is the proper channel to adjudicate his claims of ineffective assistance of counsel in the forfeiture proceedings.

WHEREFORE, Aswege prays that this Court will grant his motion to alter or amend the order entered in this case, and will order the Government to respond to his Petition for Writ of Coram Nobis.

Respectfully submitted,

Date: July 18, 2007

Gerald M. Aswege
In Pro Se

Gerald M. Aswege
Reg. No. 13340-026
Federal Prison Camp
P. O. Box 1000
Leavenworth, KS 66048-1000

**In Pro Se**

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 4:04-CR-40073-MMM |
| Plaintiff/Respondent, | 4:07-CV-4034-MMM-JAG |
| v. | |
| GERALD M. ASWEGE, | CERTIFICATE OF SERVICE BY MAIL |
| Defendant/Petitioner. | |

I, the undersigned, hereby certify that I have mailed a true and correct copy of DEFENDANT/PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO F.R.Civ.P. 59(e), in a sealed envelope, first class postage attached thereto, and addressed to Mr. John K. Mehochko, A.U.S.A., U. S. Attorney's Office, 1830 2nd Avenue, Rock Island, IL 61201-8003.

Executed and mailed this 18th day of July of 2007.

*/s/ Gerald M. Aswege*
Gerald M. Aswege